IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| MICHAEL RYAN WALTERS, | : | Case No. 1:24-cv-155 |
| | : | |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| TRANSFORCE, INC., et al., | : | |
| | : | |
| Defendants. | : | |

## ORDER DISMISSING CASE IN ITS ENTIRETY

This matter is before the Court on the Parties' Stipulation of Dismissal (Doc. 17). Accordingly, the Court **ORDERS** that all of Plaintiff's claims against Defendants are **DISMISSED** with prejudice. Each party shall bear their own costs and fees. The Court expressly and explicitly retains jurisdiction to enforce the settlement agreement of the parties.

The Parties' Stipulation did not directly affect Verst Group Logistics, Inc.'s Crossclaim in this matter. (*See* Stipulation, Doc. 17.) That said, Verst Group Logistics only brings state law claims against non-diverse Cross Defendant Transforce, Inc. (*See* Crossclaim, Doc. 7.) The Court therefore lacks original subject matter jurisdiction over these claims. *See* 28 U.S.C. §§ 1331-32. Accordingly, it is within the Court's discretion to continue exercising supplemental jurisdiction over these crossclaims after dismissing the claims over which it had original jurisdiction. *Miller v. Collins*, 2023 WL 7303305 at *4 (6th Cir. Nov. 6, 2023) (citing 28 U.S.C. § 1367(c)(3)).

"When deciding whether to exercise supplemental jurisdiction, courts consider and weigh 'the values of judicial economy, convenience, fairness, and comity.'" *Miller*, 2023 WL 7303305 at *4 (quoting *Gamel v. City of Cincinnati*, 625 F.3d 949, 951 (6th Cir. 2010)). "When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." *Musson Theatrical v. Fed. Express Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996). Here, this case is still in its early stages and the remaining claims implicate state law. After weighing the above factors, the Court declines to exercise supplemental jurisdiction over the remaining claims in Verst Group's Crossclaim and dismisses them without prejudice.

For the foregoing reasons, the Court **ORDERS** the following:

1) All of Plaintiff's claims against Defendants are **DISMISSED WITH PREJUDICE**;

2) Verst Group's claims within its Crossclaim (Doc. 7) are **DISMISSED WITHOUT PREJUDICE**; and

3) This matter is **TERMINATED** from the Court's docket.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND